# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC NIKOLAISON, | ) | |
|     Plaintiff, | ) | Civil Action No. 15-305 |
| | ) | |
| v. | ) | Magistrate Judge Robert C. Mitchell |
| | ) | |
| SCHNEIDER DAIRY, INC., | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION[1]

ROBERT C. MITCHELL, United States Magistrate Judge.

### I.    INTRODUCTION

Presently before the Court is Plaintiff Eric Nikolaison's motion to remand this case to state court. For the reasons that follow, Plaintiff's motion is granted and the case is remanded to state court for all further proceedings.

### II.    BACKGROUND

Plaintiff was a former employee of Schneider's Dairy and was a former member of Local 205 of the Teamsters Union, which is the union that represents Schneider's Dairy employees. Upon being discharged from his employment with Schneider's Dairy, his Union negotiated a severance agreement on behalf of Plaintiff. According to the severance agreement, Plaintiff was discharged for making disparaging remarks about Schneider's Dairy and Schneider's executives on Schneider's Facebook page during work hours. This agreement was signed by a Teamster's Union representative and a Schneider's Dairy representative. This severance agreement included a provision that Schneider's Dairy would provide only "neutral statements" if contacted by a

---

[1]    All parties have consented to jurisdiction before a United States Magistrate Judge. Therefore, the Court has the authority to decide dispositive motions, and to enter final judgment. *See* 28 U.S.C. § 636 *et seq.*; Def.'s Consent to Trial/Jurisdiction by U.S. Magistrate Judge [ECF No. 3]; Pl.'s Consent to Trial/Jurisdiction by U.S. Magistrate Judge [ECF No. 12].

prospective employer that was considering hiring Plaintiff. Plaintiff alleges that Schneider's Dairy provided negative statements to a prospective employer who consequently did not hire Plaintiff because of the negative statements. Plaintiff alleges that the negative statements made by Schneider's Dairy breaches the severance agreement and filed suit against Schneider's in state court. Schneider's Dairy timely removed the state court action to this Court on March 4, 2015 citing section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Plaintiff now seeks to remand the case to state court by arguing that the action does not involve an interpretation of the collective bargaining agreement between the Union and Schneider's, and thus this Court does not have jurisdiction over the matter under Section 301. Schneider's Dairy responds that Plaintiff incorrectly interprets Section 301 narrowly, and this Court does have jurisdiction over the matter because it involves a contract between a union and an employer.

### III. DISCUSSION

A party may file a motion to remand a case removed to federal court based on a lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). The party seeking removal, in this case, Schneider's Dairy, has the heavy burden of establishing federal jurisdiction. *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 Fed.App'x 289, 292 (3d Cir. 2010) (quoting *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993)). If the grounds for federal jurisdiction are questionable, any doubt should be resolved in favor of remanding the case to state court. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009).

The LMRA vests jurisdiction in federal district courts for suits involving a "violation of contracts between an employer and a labor organization representing employees[.]" 29 U.S.C. § 185(a). While the term "contracts" is not defined in the LMRA, the Court of Appeals for the Third Circuit has found that "for purposes of section 301, a labor contract need not be a

'collective bargaining agreement' per se[,]" *Beidleman v. Stroh Brewery Co.*, 182 F.3d 225, 231 (3d Cir. 1999), but includes "any agreement between employers and labor organizations significant to the maintenance of labor peace between them[.]" *Retail Clerks Int'l Ass'n, Local Unions Nos. 128 & 633 v. Lion Dry Goods, Inc.*, 369 U.S. 17, 28 (1962). Moreover, courts in this circuit have found that a "contract" under section 301 includes "any agreement, written or unwritten, formal or informal, which purports to resolve employment controversies between contractors and unions." *Local Union No. 115, United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. of U.S. & Canada, AFL-CIO v. Townsend & Bottum, Inc.*, 383 F. Supp. 1339, 1343 (W.D. Pa. 1974) *aff'd sub nom.*, 521 F.2d 1399 (3d Cir. 1975). *See also Davis v. Ohio Barge Line, Inc.*, 697 F.2d 549, 552 (3d Cir. 1983) ("it is necessary only that the plaintiff be asserting a violation of a contract between an employer and a union.").

The Court recognizes that section 301 preempts claims involving contracts other than a typical CBA, but courts have only done so where the contract arose out of a bona fide labor dispute. *See Beidleman*, 182 F.3d at 231 (strike settlement agreement subject to federal jurisdiction pursuant to section 301); *Am. Flint Glass Workers Union, AFL-CIO v. Beaumont Glass Co.*, 62 F.3d 574, 580 (3d Cir. 1995) (settlement agreement regarding pension plan subject to federal jurisdiction pursuant to section 301); *Doubarn Sheet Metal, Inc. v. Sheet Metal Workers' Int'l Ass'n, Local No. 19*, 547 F.2d 221, 224 (3d Cir. 1977) (dispute resolution agreement regarding work by non-union contractors subject to federal jurisdiction pursuant to section 301).

In this case, while the contract was negotiated and signed by Plaintiff's union, there is not a sufficient "labor dispute" to bring the contract within the purview of the Supreme Court's requirement that the contract involve "maintenance of **labor** peace" standard. *Retail Clerks*, 369

3

U.S. at 28.[2] The Court emphasizes that not "every state-law suit asserting a right that relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement, necessarily is preempted by [section] 301." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). This case simply involves a former union member's termination for making disparaging remarks about his company and company executives on the company's Facebook page during work hours, the company agreeing to give him a neutral recommendation to prospective employers, and the company failing to do so by giving him a negative recommendation. The severance agreement at issue has nothing to do with conventional labor disputes such as, for example, union formation, strikes, lockouts, terms and conditions of employment, fringe benefits or wages. Even the one case that did consider a severance agreement as preempted by section 301 involved the former employee trying to organize a labor union at his former employer. *Nicholas v. Grapetree Shores Inc.*, 2011 WL 2518804 (D.V.I. June 23, 2011). While the Court agrees with the *Nicholas* court's reasoning, the instant case does not involve typical labor disputes that were the heart of all of the non-collective bargaining agreement cases. The Court finds that Plaintiff has not alleged any labor dispute and the claim asserted merely relates to a contract between the union and Schneider's, and because any doubt should be resolved in favor of remanding, Plaintiff's motion to remand is granted.

---

[2] By way of comparison, the Supreme Court explained that a collective bargaining agreement per se did not need to be involved to preempt state law claims under section 301. It was enough for an agreement that terminated a "protractive strike and labor dispute. Its terms affect the working conditions of the employees of both respondents. It effected the end of picketing and resort by the labor organizations to other economic weapons, and restored strikers to their jobs. It resolved a controversy arising out of, and importantly and directly affecting, the employment relationship. Plainly it falls within § 301(a). *Retail Clerks,* 369 U.S. at 28. The contract at issue in *Retail Clerks* is strikingly dissimilar to the severance agreement, as the present severance agreement is not connected in any way to a labor dispute and only sets forth terms for severance for Plaintiff's alleged insubordination and waste of company time.

4

## IV. CONCLUSION

Based on the foregoing, Plaintiff's motion to remand is granted. An appropriate Order follows.

Dated: April 24, 2015

By the Court,

/s Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: *Counsel for Plaintiff*
John David Newborg, Esquire

*Counsel for Defendant*
Brian D. Balonick, Esquire
Robert J. Tyler, III, Esquire

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC NIKOLAISON, ) | |
| Plaintiff, ) | Civil Action No. 15-305 |
| ) | |
| v. ) | Magistrate Judge Robert C. Mitchell |
| ) | |
| SCHNEIDER DAIRY, INC., ) | |
| Defendant. ) | |

## O R D E R

AND NOW, this 24th day of April, 2015, it is HEREBY ORDERED that Plaintiff Eric Nikolaison's Motion to Remand [ECF No. 8] is GRANTED and the case is REMANDED to state court. The Clerk shall mark this CASE CLOSED.

By the Court,

/s Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: *Counsel for Plaintiff*
John David Newborg, Esquire

*Counsel for Defendant*
Brian D. Balonick, Esquire
Robert J. Tyler, III, Esquire